UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


ROYAL COSMOPOLITAN, LLC                    CIVIL ACTION

VERSUS                                     NO: 08-4504

STAR REAL ESTATE GROUP, LLC                SECTION: "R"


**ORDER AND REASONS**

Before the Court is plaintiff Royal Cosmopolitan, LLC's Motion to Remand.  For the following reasons, the Court GRANTS the motion.


**I.    BACKGROUND**

Plaintiff Royal Cosmopolitan, LLC ("Royal") is a Louisiana limited liability company holding title to real property located in New Orleans, Louisiana.  Star Real Estate Group, LLC ("Star"), a Florida limited liability company with its principal place of business in Florida, is a real estate brokerage company licensed to do business in Louisiana, Florida, and Alabama.  In 2007, Royal and Star entered into a marketing and sales contract, wherein Star

agreed to provide support and marketing for Royal's "condo/hotel project in New Orleans." (R. Doc. 6-3, at 1.)

On August 29, 2008, Royal commenced an action in the Civil District Court for the Parish of Orleans, asserting a claim against Star for breach of contract. Royal seeks compensation for funds that it expended in reliance on the contract and for lost sales and deposits. (R. Doc. 1-2 at ¶ VIII.) Pursuant to Louisiana law, the petition does not specify the amount of damages sought. (*See id.* at ¶ IX.)

On September 30, 2008, Star removed the action to this Court, asserting jurisdiction based on diversity of citizenship. On October 2, 2008, Star filed an answer to Royal's petition in this Court and asserted a counterclaim for breach of contract. (*See* R. Doc. 4.) Star seeks unspecified damages for payments owed under the contract, expenses incurred in reliance on the contract, "[u]nauthorized use of intellectual property," and lost profits. (*See id.* at ¶ IX.) Royal now moves to remand the action to state court.

## II.  LEGAL STANDARD

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34 (2002); 28 U.S.C. § 1441(a). "The removing party bears the

burden of establishing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  To assess whether jurisdiction is appropriate the Court considers "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996); *Cavallini*, 44 F.3d at 264.


**III. DISCUSSION**

Star has asserted federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332.  Diversity jurisdiction exists only when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).  Because the parties agree that they are citizens of different states, the Court need consider only whether the amount in controversy requirement is met.

When a plaintiff seeks an unspecified amount of damages, the

Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar*, 47 F.3d at 1412.  A defendant can satisfy this burden in two ways: (1) by showing that it is apparent from the face of the petition that the plaintiff's claims exceed the jurisdictional amount, or (2) by setting forth facts showing that the jurisdictional amount is satisfied.  *Allen*, 63 F.3d at 1335.

Royal's argument in favor of remand is simple: Royal "does not seek more than $75,000." (R. Doc. 6-3 at 3.)  In support of its position, Royal has submitted the sworn affidavit of its representative, who avers that "the damages sought by Royal Cosmopolitan, LLC, do not exceed $75,000.00 exclusive of interest and costs." (R. Doc. 6-4.)  When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit such an affidavit to clarify the amount of damages sought.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). The Fifth Circuit has approved this use of post-removal affidavits on the theory that they are merely evidence of the amount that was

4

in controversy at the time of removal.  *See Asociacion Nacional de Pescadores*, 988 F.2d at 565.

The Court finds that it is not apparent from the face of the petition that the amount in controversy exceeds $75,000.  Royal alleges that Star has breached various contractual duties and seeks compensation for funds expended in reliance on the contract, including "funds expended on the project launch party," and lost sales and deposits.  (R. Doc. 1-2 at ¶ VIII.)  There is no indication in the petition or the attached contract how much money Royal spent in reliance on the contract or how much the lost sales and deposits were worth.  The petition mentions "funds expended on [a] project launch party," but does not give any other information that would provide a basis for estimating the expenses incurred. In light of Royal's affidavit declaring that the amount in controversy is less than $75,000 and Star's failure to introduce any evidence in rebuttal, the Court finds that Star has failed to demonstrate by a preponderance of the evidence that the amount in controversy requirement is met.  Indeed, the situation here is nearly identical to that in *Asociacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, in which the Fifth Circuit held that "where the following circumstances are present, [the] burden [of establishing the amount in controversy] has not been met":

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only

5

a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*Asociacion Nacional de Pescadores,* 988 F.2d at 566.   As in *Asociacion Nacional de Pescadores*, the motion to remand must be granted.

In an attempt to bolster its argument, Star argues that the Court should consider the value of Star's counterclaim in determining the amount in controversy.   The issue of whether counterclaims may be considered in determining the jurisdictional amount is the source of some confusion.   Although the Supreme Court has long said that the plaintiff's claim forms the basis for the amount in controversy, *see, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."), it has never expressly rejected the consideration of counterclaims.   In one case, the Supreme Court cited the defendant's counterclaim as a partial justification for finding jurisdiction, *see Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961), but, as one commentator has noted, the unusual circumstances of the case make it "difficult to the point of impossibility to state the principle for which the *Horton* decision stands," 14B WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE: JURISDICTION § 3706 (3d ed. 1998); *see also infra*.

Confusing matters, the Fifth Circuit has in the past suggested that counterclaims may be considered as part of the amount in controversy. *See Premier Indus. Corp. v. Texas Indus. Fastener Co.*, 450 F.2d 444, 447 (5th Cir. 1971); *Liberty Mut. Ins. Co. v. Horton*, 275 F.2d 148, 152 (5th Cir. 1960), *aff'd* 367 U.S. 348 (1961).[1]  More recently, however, the Fifth Circuit ruled that it was "error as a matter of law" for a district court to consider a counterclaim. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).  The majority of district courts in this circuit and elsewhere have adopted the latter view, though there is not a complete uniformity of opinion.  *See Gulf-South Piling & Construction, Inc. v. Traylor Bros., Inc.*, 1997 WL 332410 at *2 (E.D. La. 1997) (citing cases); 14C Federal Practice & Procedure § 3725 n.59 (same).

Although these varied rulings appear to be in tension with one another, they are not necessarily irreconcilable.  As the Fifth Circuit indicated in the *Greenberg* case, it is permissible to consider evidence and pleadings other than the complaint-- including, presumably, counterclaims--if those documents "merely clarify ambiguity" regarding the value of the plaintiff's claim. *Greenberg*, 134 F.3d at 1254 n.18.  As discussed above, it is this

---

[1] The Supreme Court affirmed the Fifth Circuit's decision in *Horton*, but it did not adopt the same reasoning. *See infra*.  It is not clear whether the Fifth Circuit's broader theory retains any vitality.

reasoning that allows courts to refer to sworn affidavits and other evidence submitted after the complaint is filed.  *See Asociacion Nacional de Pescadores*, 988 F.2d at 565.

The Fifth Circuit's decision in *Premier Indus. Corp. v. Texas Indus. Fastener Co.* can be read to approve only this evidentiary use of counterclaims.  In that case, in which the plaintiff sought specific performance under two contracts, the court focused on ascertaining the "value to the plaintiff of the rights he is seeking to protect."  *Premier Industrial*, 450 F.2d at 446.  Although the court observed that equitable relief "by its very nature presupposes the difficulty of ascertaining actual damages," it listed several ways in which the value of the plaintiff's "present and potential loss" might be estimated, and found it to be "clear that this loss is considerable and of sufficient amount to confer jurisdiction in this case."  *Id.* at 446-47.

Of relevance here, the *Premier Industrial* court also indicated that "the jurisdictional amount may be established by considering the amount alleged by the counterclaim in aggregate with the main claim."  *Id.* at 447.  Though the wording of the statement is broad, several features of the decision counsel against giving it too much weight.  First, the "counterclaim" in question was actually the main claim in a separate federal action; it became a "counterclaim" only by virtue of the consolidation of two cases and the re-designation of one of the plaintiffs as a defendant.  *See id.* at

8

446 n.3.  Second, the statement may have been mere dictum, as the court ultimately found jurisdiction based on the "value of the present and potential loss to" the plaintiff.  *Id.* at 447. Finally, the court specifically noted that the counterclaim "would also seem relevant to a determination of [the plaintiff's] lost revenue," thus endorsing the narrower evidentiary use of counterclaims.  *Id.* at 447 n.4.  Under these circumstance, it is difficult to say that the case establishes a clear rule permitting the independent consideration of counterclaims.

The Supreme Court's opinion in *Horton* is similarly unhelpful to Star's position.  That case arose out of a $14,035 claim filed with a state workers' compensation board.  *See Horton*, 367 U.S. at 349.  The board awarded the worker $1,050, which led the employer's insurer to file suit in federal district court seeking to have the award set aside.  *Id.*  The worker then filed a counterclaim for the full $14,035 and a motion to dismiss for lack of subject matter jurisdiction, which the district court granted.  *Id.* at 350.  On review before the Supreme Court, the question was whether the then-required $10,000 jurisdictional amount had been met.  The Court held that it had.  *Id.* at 354.

The Court began by specifically noting that "[t]he general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it can be shown that the amount stated in the complaint is not claimed 'in good faith.'"

*Id.* at 353. Emphasizing the unique features of the case--the insurer's action to set aside the award triggered a *de novo* trial of the entire claim amount, and the complaint itself alleged that the nominal defendant "has claimed, now claims and will claim that he ... is entitled to a maximum recovery of $14,035"--the Court found that all of the evidence, including the amount claimed in a state court suit filed by the worker and the amount of the federal counterclaim, indicated that the value of the insurer's claim was over $10,000. *Id.* at 353-54. According to the Court,

> the record before us shows beyond a doubt that the award is challenged by both parties and is binding on neither; that [the worker] claims more than $10,000 from the [insurer] and the [insurer] denies it should have to pay [the worker] anything at all. No matter which party brings it into court, the controversy remains the same; it involves the same amount of money and is to be adjudicated and determined under the same rules.

*Id.* at 354. Under these circumstances, in which the value of the lawsuit was plainly more than the $1,050 award that the insurer sought to set aside, the Court found that the amount in controversy requirement had "[u]nquestionably" been met. *Id.*

Finally, *Greenberg*, the most recent Fifth Circuit decision on point, flatly stated that it was "error as a matter of law" for the district court to consider a counterclaim. *Greenberg*, 134 F.3d at 1254. Like the *Horton* Court, the Fifth Circuit endorsed the use of counterclaims "merely [to] clarify ambiguity regarding the amount in controversy," *id.* at 1254 n.18, but it specifically disapproved the use of counterclaims as an independent basis for the amount in

10

controversy.   Taken together, *Greenberg*, *Premier Industrial*, and
the Supreme Court's decision in *Horton* are best read to permit the
use of counterclaims only as *evidence* of the value of the
plaintiff's claim.

A rule prohibiting the use of counterclaims as an independent
basis for jurisdiction is consistent with several longstanding
jurisdictional principles.  First, it follows the well-established
precept that a federal court's jurisdiction "depends upon the state
of things at the time of the action brought ... ."[2]  *Mollan v.
Torrance*, 22 U.S. 537, 539 (1824) (Marshall, C.J.); *see also Grupo
Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).
The Supreme Court has said numerous times that events subsequent to
the filing of the complaint can neither destroy federal
jurisdiction, *see St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90,
nor create it, *see Grupo Dataflux*, 541 U.S. at 574-75.[3]  To permit
a defendant to create diversity jurisdiction by filing a
counterclaim, which must necessarily be done subsequent to the
filing of the complaint, would fly in the face of this principle
and would render the district court's jurisdiction uncertain

---

[2] In an action removed from state court, jurisdiction must
exist at both the time the action is commenced *and* the time of
removal.  *See Stevens v. Nichols*, 130 U.S. 230, 231 (1889); *Coury
v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996).

[3] There is one narrow exception to this rule.  *See Grupo
Dataflux*, 541 U.S. at 572 (recognizing that a defect in diversity
jurisdiction may be cured by dismissing the nondiverse party);
*Horn v. Lockhart*, 84 U.S. 570, 579 (1873) (same).

through the beginning stages of a case.

Second, a limitation on the use of counterclaims comports with the idea that the plaintiff is the "master of the claim" who may "avoid federal jurisdiction" by carefully tailoring the allegations in his complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to."); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). If the federal courts' oft-repeated deference to the plaintiff's choice of forum is to be meaningful, courts cannot permit the defendant to defeat that choice simply by filing a counterclaim. As the Supreme Court explained when it rejected a counterclaim-based argument in the context of federal question jurisdiction:

> [a]llowing a counterclaim to establish 'arising under' jurisdiction ... would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. [In addition,] conferring this power upon the defendant would radically expand the class of removable cases, contrary to the '[d]ue regard for the rightful independence of state governments' that our cases addressing removal require.

*Holmes Group v. Vornado Air Circulation*, 535 U.S. 826, 830-32 (2002) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

109 (1941)).  The very same reasoning militates against allowing a counterclaim to establish diversity jurisdiction.

Finally, it should be noted that a case on removal like this one implicates federalism concerns that may not be as pressing in a case filed originally in federal court, like *Premier Industrial*. Such concerns have led courts to construe the removal statutes "strictly and in favor of the non-removing party."  *Meridian Aviation Service v. Sun Jet Intern.*, 886 F. Supp. 613, 615 n.1 (S.D. Tex. 1995).  This "[d]ue regard for the rightful independence of state governments," *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)), counsels against using a case on removal as the test vehicle for Star's novel theory.

For the foregoing reasons, the Court finds as a matter of law that a defendant's counterclaim should not be considered in determining the amount in controversy, except to the extent that it can be used as evidence of the value of the plaintiff's claim. Here, Star's counterclaim cannot be used to aid the Court in determining the value of Royal's claim because Star alleges injuries that are entirely distinct from the injuries alleged by Royal.  (*Compare* R. Doc. 1-2 at ¶ VIII (listing Royal's damages as "loss of funds expended" by Royal, "loss of sales" by Royal, and "loss of sales deposits" by Royal), *with* R. Doc. 4 at IX (listing Star's damages as loss of commissions and other "amounts owed under

the contract," loss of funds expended by Star on "sales and marketing materials," and "unauthorized use of intellectual property").) Moreover, Star, like Royal, seeks an unspecified amount of damages and gives no indication in its pleadings how much it believes it is owed under the contract.[4] (*See* Counterclaim, R. Doc. 4 at ¶¶ VII-IX.) In light of these facts, and in the absence of any guidance from Star, the Court fails to see how the counterclaims might be used to measure the value of Royal's claim.

Because Star has submitted no other evidence to rebut Royal's showing as to the value of Royal's claim, the Court finds that Star has failed to meet its burden of establishing federal jurisdiction by a preponderance of the evidence. Royal's motion to remand must therefore be granted.

---

[4] For this reason, even if the counterclaim were to be independently considered, Star would not have met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

14

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS the Royal's motion to remand.

New Orleans, Louisiana, this <u>17th</u> day of December, 2008.

_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

15